UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEO THAKHAMPHOU, | 1:09-cv-01567-JLT HC |
| Petitioner, | ORDER DISMISSING AS MOOT PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1) |
| v. | |
| ATTORNEY GENERAL, et. al., | ORDER DIRECTING THE CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE |
| Respondents. | |

At the time of filing of the petition, Petitioner was detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and was proceeding with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On September 4, 2009, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 2).

In the petition, Petitioner, a native of Laos and subject to a final order of removal, alleges that his detention pursuant to 8 U.S.C. § 1231(a)(2) is indefinite and violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment of the United States Constitution. (Doc. 1, p. 2). Petitioner also asserts that his detention is in violation of Respondent's statutory authority. (Id., p. 5).

On December 18, 2009, the Court issued an Order to Show Cause why the petition should not be granted. (Doc. 8). On January 20, 2010, Respondent filed the instant motion to dismiss, contending that because Petitioner had been released from ICE custody on an order of supervision and was no longer in Respondent's custody, the petition was moot and should be dismissed. (Doc. 8). Attached to the motion to dismiss is an exhibit that is a copy of an "Immigration and Customs Enforcement DACS Custody Summary Inquiry," indicating that Petitioner was released from the Kern County Jail on September 16, 2009. (Doc. 8, Attach. A).

## DISCUSSION

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2241(c)(3). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. However, the petition must "allege facts concerning the applicant's commitment or detention," 28 U.S.C. § 2242, and the Petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990); United States v. Poopola, 881 F.2d 811, 812 (9th Cir.1989). If it may be conclusively determined from the face of the petition that Petitioner is not entitled to relief on the grounds alleged, then the petition must be dismissed. Rule 4 of the Rules Governing § 2254 Cases[1]; Peterson v. Wilson, 373 F.2d 737, 738 (9th Cir.1967).

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, the Court is required to make a preliminary review of each petition for writ of habeas corpus. "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief," the Court must dismiss the petition. Rule 4 of the Rules Governing § 2254 Cases; see also, Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

In the instant case, the only issue properly before this Court is the constitutionality of

---

[1] The Rules Governing § 2254 Cases can be applied to petitions other than those brought under § 2254 at the Court's discretion. See, Rule 1(b) of the Rules Governing § 2254 Cases.

Petitioner's ongoing detention by Respondent,[2] and the only relief which Petitioner seeks, and which the Court could afford to Petitioner in these proceedings is an order releasing him from custody, in the event that the Court were to determine that his continued detention by ICE was unlawful.

The document submitted by Respondent establishes that Petitioner was released from Respondent's custody on September 16, 2009. (Doc. 8, Attach. A). Moreover, a review of the Court's own electronic docket shows that Petitioner was mailed a copy of the Court's December 18, 2009 Order to Show Cause at the jail where Petitioner had been detained, but that the document was returned to the Clerk of the Court with an indication, "undeliverable, return to sender, not in custody." (Elec. Doc. Entry dated December 29, 2009). The record therefore supports a findings that Petitioner has been released from Respondent's custody under conditions of supervision.

As mentioned, the only relief the Court can afford Petitioner in these proceedings is release from custody, a fact that has now occurred independent of any action by this Court. Since there is no further relief that the Court can afford Petitioner, Respondent's motion to dismiss for mootness is appropriate and will be GRANTED.

**ORDER**

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. Respondent's Motion to Dismiss (Doc. 8), is GRANTED;

2. The Petition for Writ of Habeas Corpus (Doc. 1), is DISMISSED as MOOT for failure to state a claim upon which habeas relief can be granted; and,

3. The Clerk of the Court is DIRECTED to enter judgment and close the file.

IT IS SO ORDERED.

Dated:   **January 28, 2010**                                        /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[2] On May 11, 2005, Public Law 109-13 was enacted. Section 106 of that law (i.e., "RIDA"), is entitled "Judicial Review of Orders of Removal." Section 106 amends 28 U.S.C. § 1252, providing in pertinent part as follows: "Notwithstanding any other provisions of law (statutory or non-statutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision...<u>a petition for review filed in an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered</u> or issued under any provision of this Act, except as provided in subsection (e)...."(Emphasis supplied.)
  The plain language of Section 106 thus divests the federal district court of jurisdiction in habeas corpus cases involving challenges to a final order of removal, deportation, or exclusion, and places exclusive jurisdiction for judicial review of such orders in the federal appeals court for the district in which the removal order was issued.